**Jeffrey T. HAAK, Plaintiff,**

v.

**HULTS FORD–MERCURY, INC., and Firstar Bank, Defendants.**

No. 98–C–510–S.

United States District Court,
W.D. Wisconsin.

Sept. 24, 1999.

MEMORANDUM AND ORDER

SHABAZ, Chief Judge.

Plaintiff Jeffrey Haak commenced this action for actual and statutory damages under the Federal Truth in Lending Act (TILA) and the Wisconsin Consumer Act alleging that defendant Hults Ford–Mercury, Inc. violated TILA by failing to disclose that it retained certain portions of amounts paid by plaintiff for an extended warranty and credit insurance. After the Court certified the matter as a class action the parties reached a settlement. As part of the settlement Defendant Hults agreed to pay plaintiff's costs and attorneys fees

as determined by the Court. The matter now comes before the Court on plaintiff's motion for attorneys fees of $27,346 and costs of $1,900.10. Defendant Hults does not dispute plaintiff's entitlement to reasonable fees and costs but challenges the hourly rates, the time expended by attorneys and the amount of costs requested.

The standard for calculating an appropriate fee award pursuant to section 1640 is the same as that used under 42 U.S.C. § 1988. *See Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164 (7th Cir.1997)(applying the § 1988 standard to attorneys fees claim under Fair Debt Collection Practices Act). The starting point for this determination is the lodestar, the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Where a plaintiff has achieved only partial or limited success the Court may adjust the lodestar figure to reflect the degree of success obtained. *Id.* at 436, 103 S.Ct. 1933. In doing so the Court may decline to award fees for specific work performed in the litigation if there is a distinct unsuccessful claim. *Id.* at 435, 103 S.Ct. 1933.

The Court begins by assessing the reasonableness of the billing rates of plaintiff's attorneys. An attorney's actual billing rate charged to hourly clients is presumed to be the appropriate rate for purposes of a fee award calculation because it is the best evidence of the market value of the services. *People Who Care v. Rockford Bd. of Educ., School Dist. No. 205*, 90 F.3d 1307, 1311 (7th Cir.1996); *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150–51 (7th Cir.1993). There is no real dispute that the hourly fees requested and supported by plaintiff's attorneys—Bragg $275/hour; Andres $160/hour; Benjamin $150/hour—are the fees actually charged and collected in the market by these attorneys. In fact, this court has previously awarded fees to both Bragg and Andres at rates similar to those requested. Once an attorney presents evidence of his or her billing rate the burden is on the defendant

to establish a good reason why a lower rate is essential. *People Who Care*, 90 F.3d at 1313.

Defendant's sole substantive challenge is that Bragg's rate, while perhaps reasonable in the Chicago market, is unreasonable in Madison. Several things compel rejection of this argument. First, the Seventh Circuit has generally approved payment of "pricey big city lawyers" rates unless defendant demonstrates that the case could not justify them. *Gusman*, 986 F.2d at 1151. Second, Bragg has demonstrated by his affidavit that his rate is driven not only by his location in Chicago but by his superior expertise and experience. Third, the plaintiff employed a lower priced local attorney in collaboration with Bragg so that the combined effect appears reasonable, particularly for a case certified as a class action. There is no basis to depart from the plaintiff's proposed rates.

Defendant also argues for a reduced rate in connection with hours billed for travel. Defendant does not suggest that travel time is excessive but contends only that reduced rates should apply for such time. Defendant's argument was long ago considered and rejected by the 7th Circuit Court in *Henry v. Webermeier*, 738 F.2d 188, 194 (7th Cir.1984), wherein the court adopted the following rule after recognizing that travel time represents a lost opportunity to bill another client at the normal market rate: "The presumption, which the defendants have not attempted to rebut, should be that a reasonable attorney's fee includes reasonable travel time billed at the same hourly rate as the lawyer's normal working time."

The second half of the load star calculation requires consideration of the reasonableness of the hours expended on the case. Defendant's challenges to the reasonableness of the hours expended fall into several categories. First, defendant challenges the hours spent on drafting the original complaint which was never served

on the defendants. Defendant notes that the original complaint is substantially similar to the amended complaint served on the defendant. There is no apparent basis for denying compensation for drafting the complaint as it is clear that the work expended in drafting the original complaint is embodied in the amended complaint.

█ Second, defendant argues that time should be eliminated for duplicate entries by attorneys Andres and Bragg. Specifically, defendant suggests that time should be disallowed where both attorneys billed time for drafting the amended complaint and class certification reply brief. The fact that both attorneys billed time on these activities does not suggest duplication. In fact, when a more experienced and higher rate attorney combines with an attorney billing at a lower rate efficiency is generally increased by having some work performed by each. Had Bragg performed all the work on these tasks plaintiff would rightly object that some of it should have been delegated and billed at a lower rate. The fact that both attorneys billed time on a task is at least as likely to evidence efficiency as duplication.

█ Third, plaintiff generally objects to certain entries as inadequate in their description or inappropriate administrative matters. Upon review the nature of the services performed are apparent from the descriptions and dates. The services performed are generally reasonable in time for the tasks performed and the tasks are consistent with those ordinarily performed by attorneys in a case of this nature.

█ Defendant also seeks a reduction in fees based on the argument that certain hours were billed for work performed on unsuccessful or inappropriate claims. Defendant challenges hours performed in connection with plaintiff's Wisconsin Consumer Act claims and claims against defendant Firstar. Defendant is correct that plaintiff is not entitled to recover fees incurred in connection with the Firstar claim. Plaintiff's motion to certify a class was denied as to Firstar and Firstar was ultimately dismissed from the case in con-

nection with the class action settlement. There is nothing to indicate that plaintiff succeeded on its claim against Firstar. Accordingly, the total fee request is reduced by $727.50 (3 hrs @ $160 + .9 hrs @ $275).

█ There is no basis, however, to deny recovery of attorneys fees in connection with claims under the Wisconsin Consumer Act. The Wisconsin Consumer Act incorporates by reference the same requirements as TILA, § 422.301, Wis. Stats., and independently provides for the recovery of attorney's fees, § 425.308, Wis. Stats. Accordingly, plaintiff is clearly entitled to recover those fees to the same extent as fees for the parallel TILA claims.

Finally, defendant challenges certain costs claimed by the plaintiff's attorneys. Specifically, defendant challenges travel expenses of approximately $250 each for two trips by Bragg from Chicago to Madison, suggesting that this is too expensive for car travel. Plaintiff responds that the expenses are for airfare. This is a reasonable expense, particularly in light of Bragg's hourly rate which he can properly charge for the time spent traveling.

Even though the fees requested may be shocking to the untrained observer and to many experienced practitioners as well, nonetheless, they are recognized at law and must be approved. Except for fees relating to the Firstar claim, plaintiff's requested fees and costs, although not fair, are considered by the law to be reasonable. Accordingly,

## ORDER

IT IS ORDERED that plaintiff's request for attorney's fees and costs is GRANTED in the amount of $28,528.50.

IT IS FURTHER ORDERED that attorney's fees and costs in the amount of $28,528.50 are awarded from defendant to plaintiff and judgment will be so amended.